STATE OF MISSOURI, Respondent, *vs.* BARTHOLOMEW O'ROURKE, Appellant.

1. *Practice, criminal—Venue, change of—Discretionary with court to grant when—Amended statute touching.*—Where the prisoner applied for change of venue on the ground of prejudice in the judge and the application was made properly and in time, under § 19, (p. 1097, Wagn. Stat.,) it was imperative on the court to grant the application. But under the act of 1873, amending § 19 (Sess. Acts 1873, pp. 56-7,) it was left discretionary with the court either to grant or refuse the prayer.

Section 19, and its amendment apply equally to all petitions for change of venue as well when made for causes set forth in § 15, as in subsequent ones of the statutes. (Wagn. Stat., p. 1097.)

*Appeal from Andrew Circuit Court.*

*Harlan & Strongs, and Hedenburg,* for Appellant

I. Under a proper construction of the act of 1873 (Sess. Acts, 1873, p. 56), appellant was not bound to prove anything to the court below. It is sufficient if it appears by the record that the court is prejudiced against the defendant. It is unreasonable to suppose that the legislature intended to provide that the issues should be made and tried, before and by the judge of the court, upon the evidence pro. and con., the issue being made on a charge of prejudice of the judge against a party whose right to life or liberty is at stake and on trial before him. This is an issue between the judge and the appellant. Can anything be more monstrous than the proposition that one of the parties to this issue shall sit to try and determine it in his own favor?

*George T. Bryan* for Respondent.

I. Section 19, of the General Statute of this State, as amended in 1873, requires the truth of the allegations in an application for a change of venue to be proved to the satisfaction of the court, by legal and competent evidence, and in this case there was no evidence given or offered by the defendant in support of the affidavit.

*James P. Thomas,* for Respondent.

I. The statute nowhere authorizes an application by a defendant for a change of venue on the ground of the judge's prejudice. Sections 19, p. 1097, and 41, p. 1100, Wagn. Stat., are by the statute restricted to cases arising under §§ 16, 17, 18 and 23 of the statute. (Porter vs. State, 5 Mo., 538.)

II. If section 15, Wagn. Stat., 1097, is controlled by section 19, then the truth of the allegation in appellant's petition for a change of venue, mustbe proved to the satisfaction of the court by legal and competent evidence. (Sess. Acts 1873, p. 56.)

VORIES, Judge, delivered the opinion of the court.

This was a prosecution against the defendant upon an indictment for robbery which included a charge of grand larceny. No objection was made to the sufficiency of the indictment. The indictment was found at the April Term of the Andrew Circuit Court, in the year 1873. At the August Term of said court in the year 1873, the defendant was arraigned and pleaded not guilty to the indictment. No other notice of the defendant or the cause appears on the record at said term. It appears from the docket entries and bill of exceptions filed in the case, that at the December Term of the court which commenced on the second day of said month, the defendant again appeared in court; that on the first and second days of said term, said cause was informally passed on the docket for the reason that the defendant's witnesses were not all present; that on the fourth day of said term the cause was again called for trial, and the defendant not yet being ready for trial, the cause was by the agreement of the parties, and at the request of the defendant continued until the second Thursday of the term, which was the eleventh day of December, 1873, to enable the defendant to get his witnesses and prepare for trial; that afterwards, on the 9th day of December, the defendant filed his motion for a change of venue in said cause, with the acceptance or waiver of notice by the prosecuting attorney indorsed thereon, which motion and waiver of notice are as follows:

"State of Missouri, Plaintiff, against Bartholomew O'Rourke, Defendant." "In the Circuit Court of Andrew county, comes now the defendant, and moves the court to grant him a change of venue in this case to the Circuit Court of some other county and circuit; and for reason of such petition, this defendant avers and charges that the judge of this court is prejudiced against said defendant." Witness, W. Caldwell, "Bartholomew O'Rourke," [his X mark.]

"State of Missouri, County of Andrew." "Bartholomew O'Rourke, being duly sworn on his oath states, that he is the defendant in the above entitled cause; that he has subscribed the foregoing application for a change of venue in said cause. And this affiant states that the allegations in said application, that the judge of this court is prejudiced against him are true, wherefore defendant asks for a change of venue as above prayed." This affidavit is subscribed and sworn to in the usual form. There is also indorsed on the said application the following: "I accept notice of this application and waive, further notice. December 9th, 1873, G. T. Bryan, Prosecuting Attorney."

The application was also indorsed by the clerk of the court, that it was filed the 9th of December, 1873.

It appears that without any further notice having been taken of the application for a change of venue, the case was again called for trial on the 11th day of December, (the day before set for the trial of the case) when the Circuit Attorney announced that the State was ready for trial. The attorney for the defendant, then called the attention of the court to the application before filed by the defendant, for a change of the venue of the cause. The bill of exceptions shows that this was the first notice that the court had of the existence or nature of the application, the same having been filed without calling the attention of the court to its character or object, or to the waiver of notice on the part of the Circuit Attorney, whereupon the court believing that the application was unfounded and vexatious overruled the same and directed the defendant to answer whether he was ready for trial." The defendant refused

to answer and duly excepted to the action of the court in overruling his application for a change of venue. The defendant still objected to the court proceeding with the trial, insisting that it had no further jurisdiction over the matter. The court ordered the trial to proceed and a jury was impaneled in the usual way, before whom the case was tried and a verdict returned by the jury, finding the defendant guilty of grand larceny, and assessing his punishment to imprisonment in the penitentiary for the term of two years.

The defendant filed a motion for a new trial, setting out the usual causes stated in such motions, as well as the rulings of the court excepted to. The court overruled the motion and rendered a final judgment on the verdict. The defendant excepted and appealed to this court.

The only question presented for the consideration of this court or insisted on by the attorneys for the defendant, grows out of the action of the Circuit Court in overruling the defendant's application for a change of venue. No objection appears to have been made or exception taken to the giving or refusing instructions, and the exceptions taken to the action of the court in excluding evidence offered on the trial, are not insisted on here. It is insisted by the defendant in this court, that his application for a change of venue was in strict compliance with the 19th section of the 5th article of the act concerning "Practice in Criminal Cases" (Wagn. Stat., 1097), and that the court had no discretion in such cases; but that it was imperative on the court, when the petition or motion was filed, setting out the fact that the judge of the court was prejudiced in the cause, properly verified by the affidavits of the defendant, to change the venue in the cause, and that he had no further power or jurisdiction to try the case. It is not controverted by the attorney for the State, that the 19th section of the statute above referred to might be construed as is contended for by the defendant, where the application was made properly and in time under said section, prior to the passage of the amendment to said section by the Legislature in 1873. But it is insisted, that the act of 1873 entirely

changed the provisions of the 19th section, and that the application for a change of venue made by the defendants must be governed by the act of 1873; and that said application wholly failing to comply with the provisions of the last named act, was properly overruled by the court. . . . .

In order to a full understanding of the point involved in the case, it will be necessary to refer to the different provisions of the statute on the subject. By the 15th section of the statute first referred to (Wagn. Stat., 1097), it is provided as follows: "Where any indictment or criminal prosecution shall be pending in any Circuit Court, the same shall be removed by the order of such court or the judge thereof to the Circuit Court of some county in a different circuit, in either of the following cases: *First*, when the judge of the court in which said case is pending is near of kin to the defendant by blood or marriage; or *second*, when the offense charged is alleged to have been committed against the person or property of such judge, or some person near of kin to him; or *third*, when the judge is in any wise interested or prejudiced, or shall have been counsel in the case."

The 16th section provides for a change of venue when the inhabitants of the county where the prosecution is pending are prejudiced against the defendant.

The 17th section provides for cases where the inhabitants of the entire circuit are prejudiced against the defendant.

The 18th section designates the parties or persons who may make an application for a change of venue, in cases arising under the sixteenth and seventeenth sections. . . .

The 19th section is as follows: "The petition of the applicant for a change of venue, shall set forth the facts, and the truth of the allegations shall be supported by the affidavit of the defendant or some credible disinterested person; and reasonable previous notice of such application must be given to the prosecuting attorney." This last section is equally applicable to all applications for a change of venue, whether made for causes set forth in either the fifteenth, sixteenth or seventeenth sections, and whether made by the defendant himself

or any of the other persons designated in the eighteenth section. And if the nineteenth section had still been in force without amendment, I have no doubt but the application made in this case ought to have been sustained. The court under that law had no discretion in the matter when the law was complied with. The reasons given in the bill of exceptions, that the court had not examined the application, and that the waiver of notice had not been pointed out to the court could avail nothing. It was the duty of the court to have examined it, and if it had complied with the law, to make the order changing the venue of the cause. (Freleigh vs. The State, 8 Mo., 606.)

The only real question in this case, is, whether the act of 1873, which purports to amend section 19 above referred to, is applicable to or governs this case. If it does, then the application for a change of venue was properly overruled.

The act of 1873 is as follows:

"Section 1. Section Nineteen of Chapter Two Hundred and Twelve of the General Statutes is hereby amended so as to read as follows: 'Sec. 19. The petition of the applicant for a change of venue, shall set forth the grounds upon which such change of venue may be sought, and the truth of the allegations thereof shall be proved to the satisfaction of the court by legal and competent evidence; and the prosecuting attorney may in such case, offer evidence in rebuttal of that submitted in support of such application: *Provided*, however, that reasonable previous notice of such application shall in all cases be given to the prosecuting attorney.' " (Laws of 1873, page 56.)

This act was approved on the 19th day of March, 1873, and took effect from its passage.

It will be seen that this amended section nineteen materially changes the manner of obtaining a change of venue in criminal cases. It is now required that the truth of the allegations set forth in the application, as the grounds upon which the change of venue is sought, shall be proved to the satisfaction of the court by legal and competent evidence. This certainly has the effect to submit that which was imperative on

the court before the amendment to the discretion of the court, so that under this amended section, the question as to whether the motion for the change of venue shall be allowed or refused is now submitted under the evidence to the sound discretion of the court. If the judge's mind is satisfied from the evidence, that the facts relied on are true, he should change the venue; otherwise not.

There seems to have been no evidence offered to sustain the petition in this case, but the defendant wholly relied on the fact that the application was verified by his affidavit, as was required by section nineteen before it was amended in 1873 We think that the act of 1873 governs the case, and whether its requirements be reasonable or unreasonable, it must have the effect to submit the whole question to the discretion of the court, and as no evidence was offered to sustain the application, we cannot say that the discretion of the court was improperly exercised.

The judgment will be affirmed. The other judges concur.