———o———

STATE OF MISSOURI, Defendant in Error, *vs.* WILLIAM I. LACK, Plaintiff in Error.

1. *Venue, change of—Attorneys are competent witnesses to prove facts necessary to sustain.*—Attorneys at law are competent witnesses to sustain allegations in support of an application for change of venue.

*Error to Franklin Circuit Court.*

*J. W. Boulware*, for Plaintiff in Error.

*Attorney General*, for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

From the conviction in this case the defendant sued out his writ of error, and the judgment will have to be reversed on account of the ruling of the court in denying the application for a change of venue.

Upon proper notice being given to the prosecuting attorney, the defendant presented his petition for a change, assigning as a reason therefor, that the judge was prejudiced against him, so that he could not have a fair and impartial trial. This petition was verified by the affidavit of defendant, and in addition he offered to support it by the affidavits of two witnesses, who, it seems, were attorneys practicing in that court.

The court decided against the application, not on the ground that the testimony was insufficient or not satisfactory, but because it was not proved by legal and competent evidence. The statute, as it now exists, requires that the truth of the allegations in the application for a change shall be proved by legal and competent evidence, to the satisfaction of the court. (Sess. Acts 1873, p. 56; State vs. O'Rourke, 55 Mo., 440; State vs. Sayers, decided at this term.)

Whether the evidence is legal and competent does not depend upon its being satisfactory. The one relates to the means to establish the fact; the other has reference to the conclusion or judgment resulting therefrom. The court must be satisfied, but the party has the right to introduce any evidence to sustain his allegations, which is legally admissible according to the rules governing the admission of testimony. We are not aware of any principle prohibiting attorneys from giving evidence in cases like this. They are frequently the best witnesses that can be obtained, and have knowledge of facts which few others would be likely to have. At all events they cannot be excluded on the ground of incompetency. The court therefore erred in its ruling out the testimony offered by the defendant.

The question relating to a continuance and the impaneling of the jury need not be commented on, as the case must be re-tried. The same remark will apply to the instructions.

The judgment will be reversed and the cause remanded; the other judges concur, except Judge Vories, who is absent.