**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Lyndall Clarence SHIVE,
Defendant-Appellant.**

No. 12118.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 19, 1981.

Motion for Rehearing or to Transfer
Denied Sept. 11, 1981.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Bruce K. Kirby, Jones, Keeter, Karchmer, Nelms & Sullivan, Springfield, for defendant-appellant.

BILLINGS, Judge.

Defendant Lyndall Clarence Shive was tried and convicted of two counts of sale of a controlled substance in violation of § 195.-020, RSMo 1978, and sentenced to two terms of 12 years, the sentences to be served consecutively. His two assignments of error in this appeal are both directed to the trial court's overruling his motion to sever the counts for separate trials. We affirm.

Although the sufficiency of the evidence is not questioned, a brief statement of the facts giving rise to defendant's conviction is called for in considering defendant's points.

Missouri State Highway Patrolmen Richardson and Bickers were working undercover in the Springfield area, investigating narcotics traffic. Trooper Richardson had become acquainted with Cookie Blevins, a young woman, and she had arranged for a sale of methamphetamine, also known as "speed" or "crystal" to the officers. The two troopers went to Cookie's apartment. The defendant appeared and sold each officer a packet of the controlled substance. Defendant was charged with separate sales to the officers in the two-count information.

Defendant first contends the trial court's failure to sever the counts for trial was prejudicial to him because evidence of separate and distinct crimes was admitted at trial. Second, that Missouri Supreme Court Rule 24.07, V.A.M.R., deprived him of a "substantive right" to receive a separate trial on separate offenses. Conversely, the state avers that the two crimes, which occurred at the same place at the same time and in the presence of both officers, were but two offenses arising out of a common scheme, and thus were properly joined; that defendant's attack on Rule 24.07, V.A.M.R., was not raised at trial or in defendant's motion for a new trial, but, in any event the matter of joinder of offenses has been held to be *procedural* in nature and not violative of substantive rights.

The matter of severance of separate counts of criminal offenses falls within the sound discretion of the trial court. *State v. Easton*, 577 S.W.2d 953 (Mo.App. 1979); cert. denied 444 U.S. 863, 100 S.Ct. 131, 62 L.Ed.2d 85 (1979). "Broad joinder is encouraged in the interest of more efficient administration of criminal justice." *State v. Decker*, 591 S.W.2d 7, 9 (Mo.App.1979). Our review of the denial of the defendant's motion is to determine whether the denial resulted in clear prejudice and factors to be considered are the number of offenses charged, the complexity of the evidence, and whether the trier of fact will be able to distinguish the evidence and apply the law intelligently to each offense. *State v. Williams*, 603 S.W.2d 562 (Mo.1980). Reversal of the trial court's denial of such a motion is called for only upon a clear showing of prejudice and abuse of the lower court's discretion. *State v. Decker*, supra.

Defendant argues that prejudice resulted here because proof of the sale to one officer might help prove the sale to the other undercover officer. This contention was answered in *State v. Williams*, supra at 568:

"We agree with appellant that the offenses charged in this case were so interrelated to each other that proof of one offense would possibly tend to establish the others. But, this does not, in the absence of other circumstances, result in prejudice or entitle an accused to a severance. A continuous transaction involving several legally distinguishable offenses, as occurred in this case, permits the State in a separate trial for any one of the offenses to present evidence as to all the offenses involved. [Citations omitted]. Appellant cannot claim prejudice because what would result in a separate trial of each offense would also result when a single trial is held of all offenses."

Rule 24.07, V.A.M.R., provides: "When a defendant is charged with more than one

offense in the same indictment or information, such offenses may be tried jointly or separately in the discretion of the court."

Rule 23.05(b), V.A.M.R., provides: "With the exception stated in (a) hereof, all offenses which are based on the same act or on two or more acts which are part of the same transaction or on two or more acts or transactions which constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts, or in the same count when authorized by statute. Any indictment or information may contain counts for the different degrees of the same offense or for any one of such degrees."

Here, the two sales, made to two individuals in the presence of each other, at the same time and place, were clearly interrelated so as to permit joinder and we find no prejudice resulted in the trial court's denial of the motion for severance.

Defendant's attempted constitutional attack on Rule 24.07, V.A.M.R., fails for two reasons. A constitutional question must be raised in the trial court and preserved in the motion for new trial. *State v. Wright*, 551 S.W.2d 884 (Mo.App.1977); *State v. Bibee*, 496 S.W.2d 305 (Mo.App. 1973). And, our supreme court has ruled that the matter of joinder in one information or indictment of related multiple offenses does not violate due process nor affect the substantive rights of defendants. Rather, it is a matter of procedure and in a proper case offenses joined in a single indictment or information may be tried together. *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977), rev'd on other grounds 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); *State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975); *Webb v. State*, 589 S.W.2d 89 (Mo. App.1979).

The judgment is affirmed.

PREWITT, P. J., and HOGAN, J., concur.

MAUS, C. J., not participating.