James D. FORESTER, Respondent,

v.

DIRECTOR OF REVENUE, State
of Missouri, Appellant.

No. WD 61031.

Missouri Court of Appeals,
Western District.

Sept. 24, 2002.

Cherylayn C. Nield, Jeremiah W. (Jay) Nixon and Linda Lemke, Jefferson City, MO, for appellant.

James F. Crews, Tipton, MO, for respondent.

Before ROBERT G. ULRICH, P.J., PAUL M. SPINDEN and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, Presiding Judge.

The Director of Revenue appeals the judgment of the trial court reinstating the driving privileges of James Forester. The trial from which the Director appeals is the second of two trials resulting from the trial court's granting the Director's motion for new trial following the court's finding for Mr. Forester at the conclusion of the first trial. In the sole point on appeal, the Director argues that the trial court erred in excluding two police officers' testimony that they held valid operator permits for the breath test machine and in excluding the results of the breath test based on the best evidence rule. The judgment is affirmed.

Officer Travis Degraffenreid of the Eldon Police Department was on duty shortly after midnight on May 23, 1998, when he saw a car cross over the center line of Highway 52 in Eldon. He began to follow the car and saw the car again swerve over the center line of the road. Officer Degraffenreid activated the emergency lights on his patrol car and stopped the vehicle.

James Forester exited the driver's side of the vehicle, approached the officer, and handed him his driver's license. Officer Degraffenreid noticed that Mr. Forester stumbled as he walked and that his breath smelled of intoxicants. The officer asked Mr. Forester whether he had been drinking, and Mr. Forester stated that he had had a couple of beers. Officer Degraffenreid noticed that Mr. Forester's speech was slurred.

Officer Degraffenreid asked Mr. Forester to perform three field sobriety tests: the alphabet test, the finger-to-nose test, and the walk-and-turn test. Mr. Forester performed poorly on all three tests. Based on his training and observations of Mr. Forester, Officer Degraffenreid formed the opinion that Mr. Forester was intoxicated. He then arrested Mr. Forester for failure to drive on the right half of the roadway and driving while intoxicated.

Officer Degraffenreid took Mr. Forester to the police station, read him the Implied Consent warning, and asked him to take a breath test. Mr. Forester agreed to take the test. Thereafter, the Director of Revenue revoked Mr. Forester's driver's license for one year. Mr. Forester then filed a petition for review under section 302.311, RSMo 2000, in the circuit court.

During the hearing on Mr. Forester's petition, Officer Degraffenreid testified that he was certified to administer breath tests on the DataMaster breath machine. Mr. Forester objected to the line of questioning regarding the administration of the breath test on the grounds of the best evidence rule, arguing that Officer Degraffenreid's certificate itself needed to be admitted into evidence. The trial court sustained the objection.

By offer of proof, Officer Degraffenreid testified that before administering the test and pursuant to his training as a Type III

operator, he observed Mr. Forester for fifteen minutes to ensure that Mr. Forester did not vomit, smoke, consume anything, or put anything in his mouth. Officer Degraffenreid further testified that he followed the breath machine checklist and that the machine functioned properly before, during, and after the test. Finally, Officer Degraffenreid testified that Mr. Forester's blood alcohol content was .16 percent.

The Director next called Sergeant Ronald Chapman to testify. Sergeant Chapman testified that he was a Type II permit holder. Mr. Forester objected to Sergeant Chapman's testimony again claiming that the best evidence rule required the introduction of the certificate itself. The trial court sustained the objection.

Through an offer of proof, Sergeant Chapman testified that he held a Type II permit on May 5, 1998, that he performed a maintenance check of the DataMaster breath machine using the required checklist on that day, and that the machine was working within specifications.

The Director rested its case. Mr. Forester did not present any evidence. Instead, he moved that his petition be granted. Because it sustained Mr. Forester's objections to testimony regarding the breath test based on the best evidence rule, the trial court entered judgment for Mr. Forester.

■■■ The Director filed a motion for new trial arguing that under the case, *Cooley v. Director of Revenue, State of Mo.,* 896 S.W.2d 468 (Mo. banc 1995), certification of a law enforcement officer to operate an alcohol breath test device may be proven by the officer's testimony and, thus, was not within the scope of the best evidence rule. The Director was correct. The best evidence rule applies only when the terms or content of the writing, video recording, or audio recording itself are in dispute. *Id.* at 470; *State v. Teague,* 64 S.W.3d 917, 922 (Mo.App. S.D.2002). The best evidence rule does not exclude a witness's testimony of personal knowledge concerning facts that are also contained within the writing or recording. *See State v. Galazin,* 58 S.W.3d 500, 513 (Mo. banc 2001). The trial court sustained the motion for new trial and set the case for a new trial.

At the new trial, the Director did not present any evidence but instead stood on the evidence and the offers of proof presented in the first trial. Because the Director presented no evidence, the trial court entered judgment in favor of Mr. Forester directing the Director to reinstate Mr. Forester's driving privileges. This appeal by the Director followed.

In the sole point on appeal, the Director argues that the trial court erred in excluding the police officers' testimony that they held valid operator permits for the breath test machine and in excluding the results of the breath test based on the best evidence rule.

■■■ The judgment of the trial court will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Crabtree v. Director of Revenue,* 65 S.W.3d 557, 558 (Mo.App. W.D. 2002). Section 302.505, RSMo 2000, authorizes the suspension or revocation of a driver's license for driving while intoxicated. The Director makes a prima facie case for the suspension of a person's driver's license by establishing by a preponderance of the evidence that: (1) probable cause existed to arrest the driver for DWI, and (2) at the time of the arrest, the driver's BAC was at least .10 of one percent or more by weight. *Crabtree,* 65

S.W.3d at 559. Once the Director has established a prima facie case, the burden shifts to the driver to present evidence to rebut the prima facie case by a preponderance of the evidence. *Douglass v. Wilson,* 10 S.W.3d 199, 202–3 (Mo.App. W.D.2000).

The Director's point on appeal argues an issue that the trial court has already resolved. In the first trial, the trial court sustained Mr. Forester's objection to Officer Degraffenreid's and Sergeant Chapman's testimony concerning the administration of the breath test based on the best evidence rule. Following judgment in favor of Mr. Forester, the Director filed a motion for new trial arguing that the trial court's ruling on Mr. Forester's objections was error. The trial court apparently agreed that the best evidence rule was not applicable to preclude the testimony and sustained the motion for new trial. The Director received the relief requested—a new trial. A party cannot complain on appeal when it receives all the relief requested. *McConnell v. Stallings,* 955 S.W.2d 590, 594 (Mo.App. S.D.1997).

At the second trial, the Director failed to present any evidence and instead stood on the evidence presented in the first trial including the evidence presented in the offers of proof. The Director was essentially seeking a determination that the trial court take judicial notice of the evidence offered during the first trial and accept as evidence the offer of proof. The Director did not offer during the second trial a transcript of the first trial or any portion of it. The Director may not rely on the evidence presented in the first trial not introduced during the second trial to make its prima facie case in the second trial. "Once a motion for new trial is ordered, the case is left for trial de novo as though there had been no trial." *Norris v. Nationwide Mut. Ins. Co.,* 55 S.W.3d 366, 370 (Mo.App. W.D.2001). Additionally, the Director may not during the second trial rely on the testimony of Officer Degraffenreid and Sergeant Chapman that was presented in the Director's offer of proof during the first trial. The purpose of an offer of proof is to ensure that the trial court and opposing counsel understand the proposed evidence and that the appellate court understands claims of error. *Russell v. Director of Revenue,* 35 S.W.3d 507, 509–10 (Mo.App. E.D.2001). The officers' testimony during the first trial regarding the administration of the breath test was not admitted into evidence during the second trial either by the officers' testimony or by transcript of their testimony. Even had the Director attempted to introduce the officers' testimony by transcript during the second trial, the portion of the transcript constituting the offers of proof would not have been admissible as evidence because Mr. Forester never had the opportunity to cross-examine the officers regarding the administration of the breath test, execution of check list, or maintenance of the machine, the subjects of the offers of proof.

The Director having failed to make a prima facie case, the trial court did not err in entering judgment in favor of Mr. Forester. The point is denied.

The judgment of the trial court is affirmed.

PAUL M. SPINDEN and EDWIN H. SMITH, JJ., concur.