STATE of Missouri, Respondent,

v.

Donald BRINK, Appellant.

No. WD 66253.

Missouri Court of Appeals,
Western District.

Dec. 5, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 30, 2007.

Application for Transfer Denied
May 1, 2007.

Jeffrey Eastman, Gladstone, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Shaun Mackelprang and Jean Woods, Office of Attorney General, Jefferson City, for Respondent.

PAUL M. SPINDEN, Judge.

Donald Brink appeals the circuit court's judgment convicting him of driving while intoxicated and sentencing him as a prior and persistent offender. He contends that the conviction violated his constitutional rights and that the state did not establish the requisite elements to convict him as a prior and persistent offender. He also challenges the constitutionality of Section 577.023, RSMo 2000, that mandated enhancement of his punishment. We affirm the circuit court's judgment after viewing the evidence in the light most favorable to its judgment.

A Highway Patrol trooper arrested Brink for driving while intoxicated after an encounter between Brink and Ray County sheriff's deputy Nathan Mulch in Orrick at 2:00 A.M. on November 21, 2004. Mulch was patrolling the town when he saw Brink's car turn from a side street onto the town's main thoroughfare, Ray County

Route Z. Mulch followed Brink's car for a couple of blocks and saw it cross the road's center line and swerve in its lane. Mulch radioed the license number on Brink's car to his dispatcher to get information about the car. Before he received a response, Brink slowed and parked his car in a parking space on Route Z adjacent to some apartments. Mulch slowed, made eye contact with Brink, but drove on to await information concerning the car. Moments later, he learned from his dispatcher that the car's registered owner was Donald Brink of Excelsior Springs.

Mulch returned to where Brink had parked his car to see what Brink was doing. He found Brink still sitting in the car. Mulch turned on his patrol car's emergency lights and parked it so that it faced the driver's door, about 15 feet back. Mulch walked up to the car and asked Brink for his driving license and proof of automobile insurance. He told Brink that he was investigating traffic violations— that he had seen the car cross the highway center line and swerve in its lane. Mulch asked him what he was doing and where he was going. Brink answered that he was going to an establishment more than a mile away to meet his girlfriend. Mulch noticed a strong odor of intoxicants on Brink's breath. Brink's speech was slurred, and he seemed to Mulch to have difficulty comprehending Mulch's questions. Mulch took Brink's license and insurance card to his patrol car and telephoned a request for the Highway Patrol's assistance.

Highway Patrol Corporal Christopher Scott responded to Mulch's request. After discussing the situation with Mulch, Scott approached Brink who was standing, slumped against his car's rear fender. To Scott, he appeared to be intoxicated. Scott reported that Brink had much difficulty communicating and was incoherent in telling Scott something about his car keys. Brink had bloodshot eyes that appeared glassy and watery, and smelled of intoxicants. He had difficulty balancing and refused to submit to Scott's field sobriety tests. Scott arrested him for driving while intoxicated. Scott drove him to the Ray County jail for processing. Brink refused to submit to a breath analysis after consulting by telephone with a lawyer.

Before trial on charges of driving while intoxicated, Brink asked for a change of venue. The circuit court transferred the case to Carroll County. The circuit court there convicted him of the charges.

Brink charges the circuit court with erroneously overruling his motion to suppress evidence and statements on the ground that Mulch's true reason for stopping Brink was that Brink was not a resident of Orrick, not because of Brink's traffic violations. Brink argues that Mulch singled him out as a non—resident of Orrick for investigation in violation of the equal protection clauses of the Fourteenth Amendment to the United States Constitution and of Article I, Section 2, of the Missouri Constitution.

In reviewing a circuit court's ruling on a motion to suppress, we determine only whether or not substantial evidence supports the ruling, and we view the evidence in the light most favorable to the circuit court's ruling and defer to its determinations of credibility. *State v. Edwards*, 116 S.W.3d 511, 530 (Mo. banc 2003). We affirm the ruling unless it is clearly erroneous. *Id.*

When Mulch originally encountered Brink, he explained that Brink's traffic violations motivated his questioning of Brink. At a hearing before trial, Mulch testified during Brink's cross—examination of him that his primary motivation in investigating Brink was Brink's driving

around Orrick at 2:00 A.M. and suddenly parking his car as Mulch followed him. However, Scott testified that Mulch had told him that he had decided to investigate after learning that Brink was not a resident of Orrick.

Viewing the evidence in the light most favorable to the circuit court's ruling not to suppress evidence of the arrest, we conclude that the circuit court believed that Brink's actions—his driving around Orrick at 2:00 A.M. and parking his car after Mulch began following him—were the primary factors for Mulch's investigation. That Brink was not a resident of Orrick certainly may have raised Mulch's suspicions—suspicions already raised by Brink's other actions—that Brink was engaged in nefarious activity.

■ "The legal determination of whether reasonable suspicion existed is made *de novo.*" *State v. Goff,* 129 S.W.3d 857, 862 (Mo. banc 2004). Whether or not a traffic stop is reasonable and therefore lawful does not depend on the investigating officer's motive. *Whren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id.* at 810, 116 S.Ct. 1769.

■ Having observed Brink's car cross the center line and swerve in its lane, Mulch had probable cause to stop Brink. That Mulch acted on another motive—a hunch that Brink was up to nefarious activity—is of no significance.

■ But even if Brink's contention is true that the only reason that Mulch investigated was because Brink did not live in Orrick, Brink did not establish that his rights to equal protection of the law were violated. Resolution of such a claim depends on whether or not the governmental classification of which the claimant complains impinges on a suspect, protected class of which the claimant is a member or impinges on a fundamental right. If it does, the courts apply strict judicial scrutiny to determine whether or not the classification is necessary to achieve a compelling state interest. *In re Marriage of Kohring,* 999 S.W.2d 228, 231—32 (Mo. banc 1999). Otherwise, the courts apply the rational basis test to determine whether or not the classification bears "some rational relationship to a legitimate state interest." *State v. Pike,* 162 S.W.3d 464, 471 (Mo. banc 2005). Under the rational basis test, a claimant will prevail only if he shows that "the classification has no reasonable basis and is purely arbitrary." *Id.*

■ The classification of which Brink complains—Mulch's investigating only individuals who are not residents of Orrick—does not impinge on a suspect, protected class. Brink contends, however, that it impinges on a fundamental right, which he describes as the right "to freely travel." No court has recognized a fundamental right of intrastate travel free from governmental interference. In its most recent consideration of a fundamental right to travel, the United States Supreme Court described the right as "a freedom to travel throughout the United States ... or, more precisely, the right of free *interstate* migration" and noted that it has been recognized as a fundamental right because of "the important role [it] has played in transforming many States into a single Nation[.]" *Attorney General of New York v. Soto—Lopez,* 476 U.S. 898, 901—02, 106 S.Ct. 2317, 90 L.Ed.2d 899 (1986) (emphasis added). The Supreme Court of Missouri has made the same distinction—restricting the label of "fundamental right[ ]" to "interstate travel." *United C.O.D. v. State,* 150 S.W.3d 311, 313 (Mo. banc 2004). Because Brink was engaged in intrastate

travel, he does not establish that Mulch's purported classification impinged on a fundamental right.

■ Applying, therefore, the rational basis test, we discern a reasonable relationship between Mulch's purported classification and a state interest. The state interest at stake was Mulch's ability to protect the residents of Orrick from criminal activity. We presume that not too much activity typically occurs at 2:00 A.M. in Orrick, whose population in the 2000 census was 889. When Brink drove his car erratically, violating traffic laws, and made the surprising move of parking in a parking space on Route Z for no obvious reason, Mulch became suspicious. Those suspicions heightened when he learned that the car was not registered to an Orrick resident. Mulch did not act arbitrarily or capriciously. Mulch's conduct—assuming that he acted under the motivation that Brink contends that he did—could not have violated Brink's rights to equal protection of the law.

Brink next contends that the circuit court erred in finding him to be a persistent offender. He complains that the state's information did not plead essential facts that the judges in previous municipal court convictions were lawyers, that attorneys represented Brink, or that he waived his right to an attorney.

■ Rule 23.01(b)(2) requires an information to "[s]tate plainly, concisely, and definitely the essential facts constituting the elements of the offense charged, in-

cluding facts necessary for any enhanced punishment[.]" [1] Essential facts are those that establish the elements of the offense. *State v. Atterberry,* 659 S.W.2d 339, 341 (Mo.App.1983).

Section 577.023.1, RSMo 2000,[2] sets out the elements of prior and persistent offenders. Section 577.023.1(3) defines a "prior offender" as "a person who has pleaded guilty to or has been found guilty of one intoxication—related traffic offense, where such prior offense occurred within five years of the occurrence of the intoxication—related traffic offense for which the person is charged." Section 577.023.1(2)(a) defines a "persistent offender" as "[a] person who has pleaded guilty to two or more intoxication—related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxication—related traffic offense for which the person is charged[.]" Section 577.023.1(1), RSMo 2000, defines an "intoxication—related offense" as "driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance, where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing."

■ Concerning his prior convictions, the state's information averred:

On or about June 3, 2004, defendant had pleaded guilty to driving while intoxicated, for events occurring on April 9, 2004, in the Clay County Circuit Court, Claycomo Municipal Division,

---

1. Brink relies on Section 577.023.5, RSMo Supp.2001, in raising his complaint. Rule 23.01 governs, rather than Section 577.023, what must be pleaded in an information because of the mandate in Mo. CONST. art. V, Section 5 (1945), that "[t]he supreme court may establish rules relating to practice, procedure and pleading for all courts ..., which shall have the force and effect of law." Pur-

suant to this authority, the Supreme Court promulgated Rule 19.02, which says, "Rules 19 to 36, inclusive, ... supersede all statutes ... inconsistent therewith."

2. Although the General Assembly has amended Section 577.023.1, the amendment occurred after Brink's arrest, so the 2000 version of the statute governs.

Claycomo, Missouri, in Case No. 041656, and

On or about April 10, 1995, defendant had pleaded guilty to operating a motor vehicle on a public street in the city limits of Excelsior Springs, with a blood alcohol content over .10%, for events occurring on February 24, 1995, in the Clay County Circuit Court, Excelsior Springs Municipal Division, Excelsior Springs, Missouri, in Case No. 49933.

Contrary to the suggestion of the MISSOURI APPROVED CHARGES—CRIMINAL 31.02, the information did not aver that "the judge was an attorney and the defendant was represented by an attorney or waived counsel in writing" in the prior municipal court convictions.

Assuming these facts to be essential, we do not discern that the circuit court's overruling Brink's objection to the information prejudiced him. Unless Brink can establish prejudice, the alleged error is not cause to reverse the circuit court's judgment. Notwithstanding the information's defects, the circuit court had jurisdiction. *See State v. Parkhurst*, 845 S.W.2d 31 (Mo. banc 1992). Rule 23.11 says, "An ... information shall not be invalid, nor shall the trial, judgment, or other proceedings on the ... information be stayed, because of any defect that does not prejudice the substantial rights of the defendant."

Brink does not articulate any prejudice. The information informed him of the precise cases, including case numbers, on which the state relied in averring that he was a prior and persistent offender. Moreover, at a hearing on Brink's status as a prior and persistent offender, the state presented a certified copy of a judgment by Claycomo's municipal court convicting Brink of driving while intoxicated. The document showed that an attorney represented Brink and that the judge was a lawyer. The state also presented a certi-fied copy of a judgment by Excelsior Springs' municipal court convicting Brink of driving with a blood alcohol content in excess of .10 percent. This document showed that an attorney represented Brink and that the judge was a lawyer.

The reason that Rule 23.01 requires a litigant to plead essential facts in an information is to enable a defendant to prepare for trial and to establish that he has been twice put in jeopardy for an offense. *State v. Briscoe*, 847 S.W.2d 792, 794–95 (Mo. banc 1993). Brink does not contend that he could not prepare a defense, nor do we discern any sound basis for his making such a contention. Because the prior convictions were the basis for enhancing Brink's punishment, double jeopardy is not an issue in this case. The information's failure to plead that the municipal judges were attorneys or that an attorney represented Brink in the previous cases did not prejudice Brink.

 Brink next complains that the circuit court erred in finding that he was a persistent offender because the document that the state used to show that Brink had been convicted in Claycomo's municipal court "lacked the seal of the court and the private seal of the clerk in contravention to the applicable provisions of Section 490.130, RSMo [2000.]" We apply an abuse of discretion standard in reviewing the matter: We accord the circuit court " 'broad discretion' " in deciding what evidence to admit and to reverse its judgment for erroneous admission or exclusion only if the circuit "clearly abused its discretion." *State v. Forrest*, 183 S.W.3d 218, 223 (Mo. banc 2006) (quoting *State v. Madorie*, 156 S.W.3d 351, 355 (Mo. banc 2005)). A circuit court abuses its discretion when its ruling "is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *State v. Gonzales*, 153

S.W.3d 311, 312 (Mo. banc 2005). Mere error will not support reversal unless it was "so prejudicial that it deprived the defendant of a fair trial." *Forrest,* 183 S.W.3d at 223—24.

 Section 490.130 says:

Copies from the record of proceedings of any court of this state, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, or if there be no seal, with the private seal of the clerk, shall be received as evidence of the acts or proceedings of such court in any court of this state.

The circuit court admitted the document because it possessed sufficient "indicia of reliability."

Although the document did not bear a seal on its cover page, it did bear Claycomo's official seal on the page setting out the municipal court's judgment. The document bore a sufficient seal. Brink's point is without merit.

 Brink also alleges that the circuit court erred in finding Brink to be a persistent offender because the Excelsior Springs municipal judgment contained a handwritten averment that the lawyer was a judge. Brink argues that this handwritten statement constitutes an unsworn, unidentified out—of—court declaration that lacks foundation of the personal knowledge of the source. The copy of the Excelsior Springs proceeding to which Brinks refers contained a handwritten statement, "Harl T. Hanson yes—lawyer/Judge." As discussed previously, we review a circuit court's admission of evidence for an abuse of discretion.

Section 490.130 requires admission of copies from the record of proceedings of any court in this state when attested by the clerk thereof and bear the court's seal. The document at issue here bore the proper clerk certification and the court's seal.

That it contained a handwritten statement does not affect its admissibility.

 In the argument portion of his brief, although not in his point relied on, Brink also argues that the handwritten statement constituted inadmissible hearsay. Brink did not object on the basis of hearsay when the prosecuting attorney asked the circuit court to admit the document into evidence. "A party's failure to timely object to hearsay evidence waives his or her right to dispute its admissibility on appeal." *State v. Howton,* 890 S.W.2d 740, 745 (Mo.App.1995). Rule 84.04(e) requires "The argument [to] be limited to those errors included in the 'Points Relied On.'" Brink, therefore, did not preserve his hearsay argument for our review and is entitled, if at all, to plain error review only.

 Review of plain error under Rule 30.20 involves a two—step process. *State v. Dudley,* 51 S.W.3d 44, 53 (Mo.App. 2001). First, we determine whether or not the claimed error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted[.]'" *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995). We must determine "whether, on the face of the claim, plain error has, in fact, occurred." *Dudley,* 51 S.W.3d at 53. Errors are plain if they are evident, obvious, and clear. *State v. Hawthorne,* 74 S.W.3d 826, 829 (Mo.App.2002). In the absence of such error, we should decline to exercise our discretion to review the claimed error under Rule 30.20. If we find plain error on the face of the claim, we may proceed, at our discretion, to the second step to consider whether or not a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. *Dudley,* 51 S.W.3d at 53.

The municipal court judgment here bore an official seal of the court. This provides indicia of reliability sufficient to quell any indication that manifest injustice has occurred. We therefore decline to exercise our discretion to review the claimed error.

Brink next alleges that the circuit court erred in finding him to be a persistent offender because the conviction in Excelsior Springs' municipal court was for driving with a blood alcohol content in excess of .10 percent in violation of a municipal ordinance. He argues that Sections 577.023.1 and 577.023.14 do not define intoxication—related traffic offense to include a conviction of violating a municipal ordinance by driving with a blood alcohol content in excess of .10 percent.

■ We disagree with Brink and concur with this court's southern district decision in *State v. Haskins*, 950 S.W.2d 613 (Mo.App.1997), in which the defendant made the same argument. We concur with the *Haskins* court that the definition of "intoxicated—related traffic offense" in the version of Section 577.023.1(1) in effect at the time of Brink's offense should be read to include a violation of a municipal ordinance for driving with an excessive blood alcohol content. *See id.* at 617.

■ Brink finally asserts that the circuit court erred in ruling that Section 577.023 is constitutional because it violates his right to equal protection of the law by discriminating against prior and persistent offenders based on whether or not a judge who was a lawyer presided over their prior violation proceedings. The point is without merit. The Supreme Court rejected the same argument in *Pike*, 162 S.W.3d at 471. In that case, it explained that Section 577.023's disparate treatment of previous offenders based on whether or not a lawyer judge presided over the proceedings has a rational basis in "that a defendant subject to an enhanced driving while intoxicated charge deserves the protection of a judge fully trained in the law."

We, therefore, affirm the circuit court's judgment.

HAROLD L. LOWENSTEIN, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.