STATE of Missouri, Respondent,

v.

Perry LEWIS, Appellant.

No. WD 67640.

Missouri Court of Appeals,
Western District.

Jan. 22, 2008.

Ruth Sanders, Kansas City, MO, for appellant.

Shaun J. MacKelprang, Jefferson City, MO, for respondent.

Before LISA WHITE HARDWICK, P.J., JAMES M. SMART, JR., and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

A jury found Perry Lewis guilty of nine counts of burglary in the first degree, one count of attempted burglary in the first degree, seven counts of robbery in the first degree, seven counts of armed criminal action, six counts of robbery in the second degree, one count of attempted robbery in the second degree, and one count of sexual misconduct in the first degree. On direct appeal, Lewis charges the circuit court with two errors: (1) overruling his motion for severance of offenses,[1] which requested separate trials on thirty-six offenses;[2] and (2) orally pronouncing a sentence of twenty five years for counts IX and X but entering a sentence of thirty years on each of these counts in its written judgment. We affirm in part and remand in part.

 On direct appeal, we review the circuit court rulings "'for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial.'" *State v. Morrow,* 968 S.W.2d 100, 106 (Mo. banc 1998) (quoting *State v. Tokar,* 918 S.W.2d 753, 761 (Mo. banc 1996)). The facts are reviewed in the light most favorable to the verdict. *Id.*

In his first point, Lewis claims the circuit court erred in denying his motion for severance of offenses requesting thirty-six separate trials. This issue, however, was not properly preserved for appellate review.

 An issue is not properly preserved for appeal when the appellant fails to argue at trial the grounds asserted upon appeal. *State v. Tisius,* 92 S.W.3d 751,

---

1. We refer to Lewis's motion as he named it.

2. In his motion, Lewis asserts he is charged with a total of thirty-six charges. In its order overruling Lewis's motion, the court stated he was charged with thirty-eight counts. The indictment shows that Lewis was actually charged with thirty-seven counts. However, an amended information charging Lewis with thirty-two offenses was filed after the court overruled Lewis's motion for severance of offenses.

767 (Mo. banc 2002). An appellant cannot broaden or change allegations of error on appeal. *State v. Cartwright,* 17 S.W.3d 149, 154 (Mo.App.2000). The point raised on appeal must be based upon the same theory of the objection as made at the trial and as preserved in the motion for new trial. *State v. McClanahan,* 202 S.W.3d 64, 70 (Mo.App.2006). We also will not convict the circuit court of an error it was given no opportunity to correct. *Id.*

In Lewis's motion for severance of offenses, he requested the court to sever all of the offenses and grant him thirty-six separate trials. Lewis relied generally on the theory that, due to the complexity of evidence and the number of charges, the jury would not be able to distinguish the evidence from each of the counts or apply the law intelligently. He alleged this would result in substantial prejudice. Lewis described the differences between the offenses as:

> These charges involve fifteen different complaining witnesses in seventeen different alleged incidents. One incident involves an allegation of sexual misconduct while none of the others do. Some incidents involve alleged use of a weapon, others do not. Some incidents involve burglary, others do not. One incident was only recently joined by re-indictment. Some incidents involve identification by live line-up, some by video line-up, and one by show up. These offenses do not constitute offenses of the same or similar character sufficient to justify joinder, nor do they constitute a common scheme or plan.

The circuit court denied Lewis's motion for severance of offenses requesting separate trials. After trial, Lewis filed a motion for judgment of acquittal notwithstanding the verdict or in the alternative for new trial in which he asserted the circuit court erred in denying his motion

for severance of offenses. He did not expand on the argument set forth in his motion for severance of offenses.

■ On appeal, Lewis asserts the court erred in denying his motion for severance of offenses. But, on appeal his argument and theory are different than previously alleged. He asserts the court erred in failing to sever only three of the offenses, not in failing to sever all offenses as previously argued. He claims these three offenses should have been severed because they occurred outside and lacked any subterfuge. Lewis had not argued this theory prior to this appeal. He, therefore, did not preserve it for our review and is entitled, if at all, to plain error review only.

■ Review of plain error under Rule 30.20 involves a two-step process. *State v. Brink,* 218 S.W.3d 440, 448 (Mo.App.2006). First, we must determine if the claim on its face establishes substantial grounds to find that manifest injustice or miscarriage of justice has resulted. *Id.* "Errors are plain if they are evident, obvious, and clear." *Id.* "In the absence of such error, we should decline to exercise our discretion to review the claimed error under Rule 30.20." *Id.* "If we find plain error on the face of the claim, we may proceed, at our discretion, to the second step to consider whether or not a miscarriage of justice or manifest injustice will occur if the error is left uncorrected." *Id.*

■ Severance of separate offenses falls within the sound discretion of the circuit court. *State v. Shive,* 621 S.W.2d 715, 716 (Mo.App.1981). Broad joinder of offenses is encouraged. *Id.* "[T]he number of offenses charged, the complexity of the evidence, and whether the trier of fact will be able to distinguish the evidence and apply the law intelligently to each offense" are the factors to be considered. *Id.*

In denying Lewis's motion, the circuit court found that all of the counts were properly joined, that all charged offenses are of the same or similar character, and that severance was not required. The circuit court rejected Lewis's contention that the jury would be confused by the complexity of the evidence, concluding that the jurors would be allowed to take notes, they would be given instructions on the separate offenses charged, and the evidence was anticipated to be relatively straightforward testimony by the individual victims. The court also made a finding that Lewis had failed to even make the required particularized showing that he would be prejudiced if the offenses were not severed.

We find no indication of evident, obvious, clear error on this point. As Lewis's claim does not facially establish substantial grounds for believing manifest injustice or miscarriage of justice has occurred, this court declines to review the claim.

Lewis's second point on appeal is undisputed. The State agrees with Lewis's assertion that the circuit court erred in entering a written sentence of thirty years on count IX and X because the court orally pronounced sentence on each count at twenty-five years.

"The failure to memorialize accurately the decision of the trial court as it was announced in open court was clearly a clerical error." *State v. Taylor*, 123 S.W.3d 924, 931 (Mo.App.2004) "Rule 29.12 permits a trial court to correct such clerical errors in the judgment that obviously are a result of oversight or omission." *State v. Booyer*, 87 S.W.3d 926, 931 (Mo.App.2002).

Accordingly, we affirm, but remand this case with instructions to the circuit court to enter a written judgment reflecting the court's oral pronouncement of a sentence of twenty-five years as to counts IX and X.

All concur.