In the Interest of: K.B.C., Appellant,

v.

Juvenile Officer, Respondent.

No. WD 68750.

Missouri Court of Appeals, Western District.

Nov. 4, 2008.

Megan Roth, Kansas City, MO, for appellant.

James Emory Herbertson, Juvenile Justice Center, Kansas City, MO, for respondent.

RONALD R. HOLLIGER, Judge.

K.B.C., a juvenile, appeals an adjudication assuming jurisdiction of him under section 211.031 [1] finding that he had committed acts which, were he an adult, would have been a crime, namely, second degree burglary and stealing in connection with the breaking into and taking of items from a vending machine at his middle school. On appeal, he argues that the trial court's admission of testimony concerning a video recording of the incident violates the Best Evidence Rule. We reverse and remand for a new trial because the evidence at issue pertained solely to the contents of a recording which could have been produced but was not, and its admission was prejudicial.

Robert Lee, Vice Principal of Smith—Hale Middle School in Kansas City, ar-

1. All statutory references are to RSMo 2000, updated through 2007 Cumulative Supplement.

rived at school one Saturday to find that someone had broken into a vending machine and taken food from it. He did not see anyone enter the building or break the machine. The following Monday, Lee viewed the school's surveillances videos, which are digitally stored on the school's computer system. Lee testified that he has no ability to permanently store or make copies of these videos, but the central office could do so.

From watching the video, Lee identified K.B.C., a student of the school, as one of the juveniles who broke into the machine. Lee then called Kansas City Police Officer Tamara Solomon, who arrested K.B.C. and the other suspects. Solomon watched the video but, like Lee, made no recording of it. Instead, she wrote an incident report. She assumed investigating detectives would make a recording of the digital video for use as evidence.

At trial, K.B.C. filed a motion in limine to exclude all testimony pertaining to the contents of the video, claiming such testimony would violate the Best Evidence Rule. The court overruled the motion. Lee and Solomon then testified that the only source for their belief that K.B.C. was the perpetrator came from viewing the video. Solomon testified that when she asked Lee for a copy of the video she was told it was on some type of database and they couldn't make a tape for her.

K.B.C. moved for judgment of acquittal at the close of the juvenile officer's evidence, on the basis that the testimony concerning the videotape violated the Best Evidence Rule, and this was the only evidence identifying K.B.C. The motion was denied. The court sustained allegations of second degree burglary and stealing against K.B.C., who appeals.

■ We will not disturb the trial court's ruling on the admission or exclusion of evidence absent a clear abuse of discretion. *State v. Thompson*, 112 S.W.3d 57, 63 (Mo.App. W.D.2003). "The decision to admit evidence is an abuse of discretion where it is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Id.* (internal quotation marks omitted). We review the circuit court rulings for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. Lewis*, 243 S.W.3d 523, 524 (Mo.App. W.D.2008) (internal quotation marks omitted). An improper admission of evidence is prejudicial if it is outcome—determinative. *State v. Barriner*, 34 S.W.3d 139, 150 (Mo. banc 2000).

■ The Best Evidence Rule requires production of a recording where the proponent offers its contents into evidence. *Cooley v. Dir. of Revenue*, 896 S.W.2d 468, 470 (Mo. banc 1995). It does not, however, require such production in all cases where a recording contains the proposed evidence. *Id.* Rather, it applies only where the proponent seeks to prove the contents of the recording itself. *Id.*

■■ Where a witness's testimony is the evidence at issue, the key to whether the rule applies is whether the witness has personal knowledge of the matter that exists independent of the recording. *See id.* If so, the evidence does not violate the rule. Moreover, testimony that violates the rule is admissible if shown to be unavailable for some reason other than the serious fault of the proponent. *Kuehne v. State*, 107 S.W.3d 285, 296 (Mo.App. W.D. 2003) (internal quotation marks omitted) (finding that testimony about the contents of a videotape would be inadmissible).

■ Here, neither witness at trial has any knowledge of the identity of the perpetrator that exists independent of the computer's video recording. Both witnesses admitted to this. Therefore, their testimony violates the Best Evidence Rule.

K.B.C. mistakenly refers in his brief to "video—surveillance tape," which, as the juvenile officer notes, does not exist because the video is in electronic form. He contends that K.B.C.'s best evidence objection, therefore, amounts to a demand for a recording that does not exist. We disagree. The recording to which the witnesses testified was stored on the school's computer system. The rule applies to "video recording[s]," *Forester v. Dir. of Revenue,* 85 S.W.3d 122, 124 (Mo.App. W.D.2002), and the juvenile officer does not argue that the evidence at issue was not a video recording.

The juvenile officer argues that Lee was unable to access the video in the weeks following the initial viewing, and therefore the video falls under the "unavailable" exception. Contrary to that assertion, however, this is not a case like *State v. Bivines,* 231 S.W.3d 889 (Mo.App. W.D.2007), where testimony as to the contents of a videotape was admitted because the tape malfunctioned and became unusable. Here, the juvenile officer could have presented the video but made no attempt to do so. The recording could have been obtained from the school district and presented to the court. Therefore, it was not unavailable.

The trial court abused its discretion by admitting testimony concerning the contents of the digital video recording over K.B.C.'s objection. Because this testimony was the only evidence identifying K.B.C., the error was prejudicial.

## Conclusion

We reverse and remand for a new trial.

JOSEPH M. ELLIS, Presiding Judge, and JOSEPH P. DANDURAND, Judge, concur.