————o————

STATE OF MISSOURI, Respondent, *vs.* JOSEPH SAYERS, Appellant.

58  585
34a 150

58  585
148  235

58  585
85a 437

1. *Practice, criminal—Continuance—Granting of discretionary with court.*—The granting of a continuance is a matter resting very largely in the discretion of the trial court. And unless it be clearly shown that such discretion has been abused, the Supreme Court will not interfere.

2. *Practice, civil—Witness—Matters to be inquired of in cross-examination.*—On cross-examination the witness may be inquired of as to all subjects pertinent to the case, whether touched upon in the examination in chief or not.

3. *Venue—Change of in criminal cases—Prejudice of judge.*—Under the act of 1873 (Sess. Acts 1873, p. 56), the granting of change of venue in criminal cases is discretionary with the court, although the application is based upon the prejudice of the judge. (State vs. O'Rourke, 55 Mo., 440.)

4. *Instructions should be based on evidence.*—Instructions not based on evidence ought not to be given.

5. *New trial—Newly discovered evidence, when cumulative no ground.*—A new trial will not be granted on the ground of newly discovered evidence which is merely cumulative.

*Appeal from Jasper Circuit Court.*

*J. F. Hardin, G. H. Walser with D. P. Ballard,* for Appellant, cited in argument: St. L. & Iron Mt., R. R. Co. vs. Silver, 56 Mo., 265; Page vs. Kankey, 6 Mo., 433; Brown vs. Burrus, 8 Mo., 26; State vs. Ross, 24 Mo., 475; State vs. Joeckel, 44 Mo., 234; State vs. Long, 39 Cal., 361; People vs. Sanchez, 24 Cal., 28.

*Attorney General,* for Respondent, cited: 8 Mo., 334, 606; 18 Mo., 47, 445, 477; 21 Mo., 423; 1 Mo., 780; 3 Mo.,

123; Bay vs. Sullivan, 30 Mo., 191; Gousolis vs. Gearhart, 31 Mo., 585; see also 35 Mo., 201, and 36 Mo., 35.

WAGNER, Judge, delivered the opinion of the court.

From the record it appears that the defendant was indicted at the July Term, 1873, of the Jasper Circuit Court, for the murder of Charles Wilson; and that the cause was continued from time to time, till the July Term, 1874, of that court, when he was tried and convicted of murder in the second degree. When the cause was called for trial, defendant made an application for a continuance on account of the absence of witnesses. This the court refused to grant, and from the inspection of the record, we cannot say that it was wrong.

It is not shown that the proper and requisite diligence was used. The witnesses were all residents of Jasper county, the defense had had the whole vacation from the adjournment of the last term to prepare for trial, and yet the subpœnas were only issued a few days preceding the commencement of the term at which the case was set for trial.

The granting of a continuance is a matter resting very much in the sound discretion of the trial court, and it must be clearly shown that that discretion has been abused, else this court will not interpose.

Another point raised is that the court erred in excluding testimony. It seems that a witness was examined for the prosecution, and upon his cross-examination, defendant's counsel asked him questions, in reference to matters not brought out by the examination in chief. This was objected to, and the court sustained the objection. It is true the ruling was not in accordance with the decisions of this court. We have followed the English practice in this respect, which allows a party on cross-examination to examine on all subjects pertinent to the case without regard to whether they were touched upon in the direct examination or not. But it is difficult to see how the defendant can complain here, as when he opened the case on his side, he called the same witnesses, put the questions to them that were ruled out before, and obtained all the evidence that was sought upon the cross-examination

It is further insisted that the court erred in refusing to grant a change of venue. But this assumption is wholly unwarranted. Immediately after the court overruled the motion for a continuance the defendant presented a petition verified by his own affidavit only, praying for a change of venue on the ground that the judge was prejudiced against him. The court very properly refused to award the change.

The application was not made in compliance with the law. The granting of a change of venue on account of the prejudice of the judge is not imperative upon the mere petition of the party. The act of 1873 amendatory of the 19th section of the law relating to the changes of venue, provides that : "The petition of the applicant for a change of venue, shall set forth the grounds upon which such change of venue may be sought, and the truth of the allegations shall be proved to the satisfaction of the court, by legal and competent evidence, and the prosecuting attorney may in such case offer evidence in rebuttal of that submitted in support of such application : Provided, however, that reasonable previous notice of such application shall in all cases be given to the prosecuting attorney." (Sess. Acts 1873, p. 56.)* In this case no notice of the application was given, nor was there any waiver of such notice. The truth of the allegations set forth in the application, as the grounds upon which the change of venue is sought, must be proved to the satisfaction of the court by legal and competent evidence, and the attorney prosecuting for the State has the right and privilege of introducing evidence in rebuttal. The effect is to submit to the discretion and judgment of the court what was previously imperative. (State vs. O'Rourke 55 Mo., 440.)

We have been unable to see that the court committed any error in its action in giving and refusing instructions. Of its own motion the court gave ten instructions, which clearly covered the whole case. The first four defined murder in the first degree, and what it was necessary to prove to constitute that offense. They were mainly copies of in-

*Law since amended. See Sess Acts 1875.—Rep.

structions which have often received the approval of this court. The fifth gave a definition of murder in the second degree, and the sixth and seventh informed the jury in respect to their verdict and designated the punishment. The eighth instruction, considering the evidence in the case, is entirely too favorable for the defendant. It told the jury, that "if they believe from the evidence, that at the time Wilson was killed, defendant had reasonable cause to apprehend immediate danger to himself, then he was justifiable and the jury should acquit. There was no evidence on which this instruction could properly have been based.

The testimony did indeed show, that Wilson had previously made some threats against defendant, but there was nothing to show that at the time he was killed deceased was attempting to carry out those threats; but directly the contrary appears. Wilson and defendant had had some violent words in the latter's saloon, but he exhibited no weapons and made no demonstrations, to inflict upon defendant bodily harm. He was in the act of leaving the house when the defendant got out his pistol and shot him as he was going.

There was therefore no evidence justifying the instruction. The State might well complain of it, but the defendant cannot. The ninth instruction was in reference to the credibility of witnesses, and the tenth defined what was reasonable doubt. Both are unobjectionable. The two instructions offered by the defendant, which the court refused, asserted essentially the same proposition which was contained in the eighth instruction already given. They were more amplified and specific, but there was no evidence to warrant them. What has heretofore been said as regards the eighth instruction applies to them, and they require no further comment.

The last point is that a new trial should have been granted on account of newly discovered evidence. We have attentively read all the affidavits, and fail to see anything in them authorizing a different action from that pursued by the court.

The requisite diligence is not shown, and the evidence sought to be attained is entirely cumulative, and it has often

been decided that a new trial will not be granted on such grounds.

Wherefore the judgment should be affirmed ; all the judges concur except judge Vories, who is absent.