**STATE of Missouri, Respondent,**

v.

**Teresa WATTS, Appellant.**

**No. WD 50901.**

Missouri Court of Appeals, Western District.

April 9, 1996.

---

Marvin W. Opie, Gaw & Opie, P.C., Tipton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and SMITH, JJ.

ULRICH, Presiding Judge.

Teresa Watts appeals her conviction and sentence to five years imprisonment for pos-

session of a controlled substance, Section 195.202 RSMo 1993. She claims the trial court erred in (1) overruling her *Batson*[1] challenge to the state's peremptory strike of venireman Joseph Shockley; and (2) allowing, over objection, cross examination of defendant concerning her activities on the day of her arrest, contending that the enquiry was beyond the scope of direct examination.

The judgment is affirmed.

## 1. Occurrence Resulting in Charges

Ms. Watts does not contest the sufficiency of the evidence, and a synoptic review of the facts discloses that Ms. Watts was arrested in Johnson County the evening of April 21, 1994. Two Johnson County Sheriff deputies observed her near the Skyhaven Airport on 50 Highway. She was observed sitting in a motor vehicle that was parked at the north end of a service station near the airport. Ms. Watts stared at the two deputies when they drove past her upon their arrival at the scene, and she continued to stare at them when they parked the Sheriff's patrol vehicle in which they were riding. Ms. Watts drove to the south end of the service station where a man who had been dispensing gasoline into another vehicle approached the vehicle driven by Ms. Watts, reached into the Watts' vehicle and soon removed his head and arms from the vehicle, holding money in his hand. The man walked into the service station, and Ms. Watts slowly drove from the gas pumps, headlights off, to a parking lot by the lounge located nearby. The deputies approached Ms. Watts, asked her for identification, and she produced a birth certificate. The deputies smelled the odor of intoxicants on Ms. Watts' breath, her eyes were bloodshot, and she was "very wobbly and unstable." Her speech was slurred and difficult to understand. She failed the field sobriety tests she was asked to perform by the deputies.

Ms. Watts was arrested, handcuffed behind her back and placed into the front seat of the Sheriff's patrol vehicle. She was observed squirming in the vehicle until one of the deputies asked her to cease her activity.

---

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Ms. Watts' vehicle was searched. One of the deputies found a black rock cocaine pipe, a razor blade, a marijuana cigarette, a green box containing a scale, a pair of hemostats, a second pipe and a green tube in the vehicle.

After a female Warrensburg police officer arrived, she searched Ms. Watts and found $243. A cellophane bag dropped from behind Ms. Watts onto the ground as she was being searched. The bag contained a "green leafy substance."

Ms. Watts was transported to the Warrensburg Police station. She was advised of her rights according to *Miranda*, and later volunteered, "I'm stoned and drunk."

Later, a quarter inch of cellophane was observed by a sheriff's deputy protruding from between the driver's and front passenger's seats of the Sheriff's vehicle in which Ms. Watts had been placed at the airport. The cellophane bag contained 3.78 grams of methamphetamine.

At trial, Ms. Watts admitted ownership of the razor blade, green box, hemostats, and the two pipes found in her vehicle. She admitted removing from her pocket the baggie found on the ground when she was searched. She denied knowingly possessing the tube found in her vehicle and the baggie of methamphetamine found in the Sheriff's patrol car.

### 2. *Batson* Challenge

Ms. Watts' first point on appeal claims the trial court erred in overruling a *Batson* challenge to venireman Joseph Shockley. Mr. Shockley was one of two African–Americans on the venire panel. The prosecution exercised one of its peremptory challenges to strike Mr. Shockley from the panel. Defense counsel then objected to the strike under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

■ Exercise of a peremptory strike by a prosecuting attorney solely because of the race of the venireman or because the prosecutor assumes that members of a particular racial group are unable to impartially consider the evidence against a defendant of the juror's racial group is improper. *Batson*, 476 U.S. at 89, 106 S.Ct. at 1719; *State v. Weav-*

*er*, 912 S.W.2d 499, 509 (Mo. banc 1995). Once a defendant makes a *Batson* challenge to the state's peremptory strike and identifies the cognizable racial group to which the stricken venireman belongs, the state must provide a race-neutral reason for exercising the peremptory strike. *State v. Parker*, 836 S.W.2d 930, 934 (Mo. banc 1992) cert. denied 506 U.S. 1014, 113 S.Ct. 636, 121 L.Ed.2d 566 (1992). The state's response to a *Batson* challenge need only be acceptable, reasonably specific, and clear. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The state's response need not be sound as long as discriminatory intent is not inherent in the explanation. *Purkett v. Elem*, ——— U.S. ———, ———, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834 (1995). Unless the state's intent is inherently discriminatory, the state has satisfied its burden of responding to the challenge and the court must deem the explanation to be sufficiently race neutral. *Parker*, 836 S.W.2d at 934. The burden then shifts to the defendant to demonstrate that the state's stated explanation is pretextual. *Id.* at 939.

In this case, after the defendant challenged the state's peremptory strike, the prosecutor provided three reasons to support her peremptory strike: 1) Mr. Shockley seemed a bit slow; 2) he acknowledged that a family member had once been arrested; and 3) he answered the questionnaire provided to him (every potential juror was provided a questionnaire by the Circuit Clerk's office) that he was deacon/minister. The prosecutor explained that this third item caused her the most concern. She routinely strikes people who answer that they are clergy.

The defense objected to the prosecutor's stated grounds for peremptorily striking Mr. Shockley claiming they were insufficient to satisfy *Batson's* prohibition against a prosecutor peremptorily striking a venireman solely because he is a member of a minority race. Defense counsel made no further reply.

■ The state's reasoning for striking Mr. Shockley was not inherently discriminatory and was plausible. The prosecutor stated that it has been her practice to strike

members of the clergy.[2] Counsel must be allowed to follow perceived past experience when exercising peremptory strikes, provided the reason for peremptorily striking a venireman is not solely racial or otherwise violative of the federal or state constitutions. *State v. Kempker*, 824 S.W.2d 909, 911 (Mo. banc 1992).

Once the prosecution has provided a race-neutral reason, the burden shifts to the defendant to provide evidence to the satisfaction of the trial judge that the motive to strike was discriminatory and that the state's reasoning was merely pretextual. *State v. Gray*, 887 S.W.2d 369, 384 (Mo. banc 1994). If the defense fails to provide more than general or conclusory allegations to prove racial discrimination, the *Batson* challenge is not preserved for appeal. *State v. Mack*, 903 S.W.2d 623, 629 (Mo.App.1995).

In this case, defense counsel stated only that he thought the grounds asserted by the prosecuting attorney were insufficient to justify the peremptory strike. When the state has stated race-neutral reasons for striking a member of the venire, the defendant must demonstrate that the state's explanations for exercising the strike were merely pretextual and that the strike was racially motivated. *Parker*, 836 S.W.2d at 939. Ms. Watts has failed to meet her burden of demonstrating that the explanation given by the prosecutor for striking Mr. Shockley was merely pretextual and that the strike was racially motivated and that the peremptory strike was not for a race neutral reason.

The trial court found the state's explanation acceptable. The trial court's findings on the issue of discriminatory intent is an assessment of credibility. *State v. Dunn*, 906 S.W.2d 388, 392 (Mo.App.1995). In *Hernandez v. New York*, 500 U.S. 352, 367, 111 S.Ct. 1859, 1870, 114 L.Ed.2d 395, 410 (1991), the Supreme Court said, "The credibility of the prosecutor's explanation goes to the heart of the equal protection analysis, and once that has been settled, there seems nothing left to review."

The decision of the trial court will be affirmed unless the ruling appears to be clearly erroneous. *Dunn*, 906 S.W.2d at 393. For a decision to be clearly erroneous, this court must have a definite and firm conviction that the trial court has committed a mistake. *Mack*, 903 S.W.2d at 629.

The trial court's decision is not clearly erroneous. Point one is denied.

### 3. Cross-Examination of Defendant Did Not Exceed Scope of Direct and Was Not Shown to be Prejudicial

Ms. Watts' second point on appeal claims error in the trial court's permitting questions on cross-examination that she argues exceeded the scope of direct-examination. Her argument focuses on four inquiries the state made of defendant during cross-examination. They are: 1) where Ms. Watts had been prior to being stopped; 2) whether she lived in Knob Noster; 3) whether she had told the officers that she was "stoned" and drunk; and 4) her craft activities.

The trial court is allowed broad discretion in deciding the permissible scope of cross-examination. *State v. Silvey*, 894 S.W.2d 662, 670 (Mo. banc 1995). Appellate courts will not interfere with trial court discretion unless it is clearly abused. *State v. Anderson*, 886 S.W.2d 742, 745 (Mo.App. 1994).

The scope of cross-examination of a defendant is not limited to a categorical review of matters stated or covered on direct-examination but may cover all matters within a fair purview of the direct-examination. *State v. Moss*, 700 S.W.2d 501, 505 (Mo.App. 1985). On cross-examination, the state may examine a defendant in detail as to matters only generally referred to in direct-examination. *State v. Boone*, 869 S.W.2d 70, 76 (Mo.App.1993).

In this case, two of the questions concerned where the defendant had been prior to her arrest in Warrensburg and her place of residence. Examination is not col-

---

**2.** Whether the prosecutor's policy to routinely strike members of the clergy is violative of the constitution is not an issue here.

lateral if it pertains to the witnesses' account of the background or circumstance of the material transaction. *See State v. Tolliver*, 562 S.W.2d 714, 717 (Mo.App.1978). The defendant had testified on direct exam that she did not live in Warrensburg when she was arrested. Questions of from where she had ventured before her arrest and where she resided were within matters generally referred to in direct-examination. The question regarding her crafts followed her testimony that she used the razor blade found under her seat for crafts. The fourth question Ms. Watts contests was regarding her statement at the time of the arrest that she was "stoned and drunk." Ms. Watts testified at trial that she was not stoned or drunk the evening she was arrested. When a defendant testifies, she is subject to cross-examination and impeachment like any other witness. *State v. Hoopingarner*, 845 S.W.2d 89, 94 (Mo.App.1993). The trial court did not abuse its discretion in allowing the above questioning of Ms. Watts on cross-examination.

Furthermore, even if the questions had constituted an abuse of discretion, Ms. Watts has failed to demonstrate prejudice. In matters involving admission of testimony, review is for prejudice, not mere error. Reversal will result only if error was so prejudicial that it deprived defendant of a fair trial. *State v. McClendon*, 895 S.W.2d 249, 252 (Mo.App.1995). No prejudice was caused by admission of these statements. Point two is denied.

The judgment of conviction is affirmed.

All concur.