

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI, )
)
Respondent, )
)
v. ) WD77489
)
TIMOTHY WAYNE REGISTER, ) Opinion filed: February 2, 2016
)
Appellant. )

**APPEAL FROM THE CIRCUIT COURT OF MORGAN COUNTY, MISSOURI
THE HONORABLE G. STANLEY MOORE, JUDGE**

Before Division Three: James E. Welsh, Presiding Judge,
Joseph M. Ellis, Judge and Thomas H. Newton, Judge

Timothy Register appeals from his convictions in the Circuit Court of Morgan County of one count of first degree sodomy, § 556.062;[1] one count of first degree statutory rape, § 566.032; and two counts of first degree child molestation, § 566.067. He was sentenced as a prior and persistent offender to consecutive terms of twenty-five years on the sodomy count, twenty-five years on the statutory rape count, fifteen years on the first molestation count, and twenty-five years on the second molestation count. For the following reasons, Appellant's convictions and sentences are affirmed.

In July 2005, Appellant's thirteen-year-old daughter, C.R., while temporarily staying with her aunt, Ruth Ann Meppelink, wrote a letter to one of her friends generally

---

[1] All statutory references are to RSMo 2000 unless otherwise noted.

discussing acts of sexual abuse that she had been subjected to by Appellant. One of C.R.'s cousins found the letter and gave it to Meppelink. When Meppelink asked C.R. about the sexual abuse referenced in the letter, C.R. told her that Appellant had been sexually abusing her since she was five-years-old. Meppelink subsequently called the police and then took C.R. to the hospital for an examination. While at the hospital, C.R. told hospital personnel and a worker from the Department of Family Services about the sexual abuse Appellant had exposed her to over the years.

C.R. was then taken to the Northwest Missouri Children's Advocacy Center where she gave a written statement to forensic interviewer, Carol Jo Cummings. Cummings asked C.R. to truthfully and specifically recount what had happened to her starting from the beginning. As C.R. spoke, Cummings transcribed what C.R. said in C.R.'s own words, occasionally asking C.R. to pause so that she could keep up. When C.R. was finished, Cumming's supervisor, Joyce Estes, came into the room and read the statement back to C.R., allowing her to make any additions or corrections and having C.R. initial each page and sign the statement at the end. Cummings and Estes then signed the statement as witnesses.

In 2009, detectives questioned Appellant about C.R.'s allegations while he was confined at the Moberly Correctional Center. After being read his Miranda rights and waiving them, Appellant made a recorded statement admitting that he had kissed C.R., fondled her, touched her breasts, rubbed her belly, and that his hand had probably gone down her pants. He stated that he did not remember doing anything else to her but that he was "blacked out" a lot of the time.

On June 3, 2010, Appellant was charged by information as a prior and persistent offender with one count of first degree sodomy, § 556.062; one count of first degree statutory rape, § 566.032; and two counts of first degree child molestation, § 566.067. On July 23, 2013, he was tried by jury and found guilty as charged. The trial court sentenced him as a prior and persistent offender to consecutive terms of twenty-five years on the sodomy count, twenty-five years on the statutory rape count, fifteen years on the first molestation count, and twenty-five years on the second molestation count. Appellant does not challenge the sufficiency of the evidence to support his convictions.

In his sole point on appeal, Appellant contends that the trial court abused its discretion in allowing the written statement given by C.R. to Cummings at the child advocacy center to be read aloud to the jury. He argues that the reading of that statement to the jury constituted improper bolstering of C.R.'s trial testimony.

While some reference was made to bolstering by Appellant's attorney at trial,[2] Appellant failed to include any claim related to bolstering in his motion for new trial. In that motion, his contention with regard to Cummings's reading of C.R.'s written statement was limited to a claim that it was hearsay and, as such, should not have been admitted at trial. A claim of error on the basis of improperly admitted hearsay is not the same as a claim of error based upon improper bolstering. **State v. Forrest**, 183 S.W.3d

---

[2] During the course of trial, bolstering was referenced by defense counsel on a couple of occasions. Prior to Cummings's testimony, the trial court noted that there had been a previous 491 hearing after which it had ruled that C.R.'s written statement given to Cummings would be allowed into evidence and afforded counsel an opportunity to make a further record. Appellant's attorney responded, "We would object to the testimony of Ms. Cummings and also the handwritten statement being entered into evidence for reasons that we do not believe that it complies with the rules under 491 in that it is not reliable, that it is improper bolstering and that it does not contain sufficient indicia of reliability in order to overcome the State's burden and that it is improper hearsay." The court overruled that objection. When the State offered the physical written statement into evidence, counsel objected "for the reasons previously stated." When the State sought to publish the statement to the jury to allow them to read along as Cummings read it aloud, defense counsel stated, "Judge, objection is that again, is improper bolstering. I would ask you to be able to allow Ms. Cummings to read the statement to them or they just offer it as an exhibit. I understand if the jury is in deliberation then they can ask to look at the exhibit."

218, 224 (Mo. banc 2006). In a jury-tried case, in order to be preserved for appellate review, allegations of error must be included in the motion for new trial. *State v. Mette-Njuldnir*, 465 S.W.3d 521, 529 (Mo. App. W.D. 2015) (quoting *Rule 29.11(d)*). Because it was not included in his motion for new trial, Appellant's bolstering claim has not been properly preserved for appellate review, and any review by this Court is limited to plain error review. *See* *Forrest*, 183 S.W.3d at 224 (holding that, where the appellant objected at trial to the statements at issue on the basis of hearsay, the Court would apply abuse of discretion review to his hearsay claim but that his bolstering assertion would be reviewed only for plain error).

"Rule 30.20 authorizes us to review, in our discretion, plain errors affecting substantial rights if failing to grant relief would result in the miscarriage of justice or manifest injustice." *State v. White*, 466 S.W.3d 682, 686 (Mo. App. E.D. 2015). "Under Missouri law, plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome determinative." *State v. Moore*, 414 S.W.3d 580, 582 (Mo. App. W.D. 2013) (internal quotation omitted).

In this instance, Appellant has not challenged on appeal the admission of C.R.'s written statement into evidence[3] or the publishing of that document to the jury. His point on appeal challenges only the trial court's decision to allow Cummings to read that statement aloud while the jury reviewed the published document. Cummings's

---

[3] The statement was admitted into evidence pursuant to § 491.075 RSMo Cum. Supp. 2012, which provides:

A statement made by a child under the age of fourteen . . . relating to an offense under chapter 565, 566, 568 or 573, performed by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2)(a) The child . . . testifies at the proceedings . . .

4

testimony was wholly cumulative to the written statement itself. We fail to perceive how the verbal reading of this document that had already been admitted into evidence and been published to the jury could possibly be deemed so prejudicial as to have had a determinative effect on the outcome of Appellant's trial. Lacking any basis for believing that a manifest injustice or miscarriage of justice has occurred, we decline to exercise our discretion to review Appellant's claim for plain error.[4]

For the foregoing reasons, the judgment is affirmed.

_____
Joseph M. Ellis, Judge

All concur.

---

[4] We gratuitously note that "[i]mproper bolstering occurs when out-of-court statements are offered solely to duplicate or corroborate trial testimony." **State v. Gaines**, 316 S.W.3d 440, 450 (Mo. App. W.D. 2010). "Statements admitted pursuant to section 491.075 do not improperly bolster the victim's trial testimony where they are informal and not planned as a substitute for trial testimony and, therefore, do not have the effect of duplicative testimony." **Id**. "A child victim's out-of-court statements possess unique strengths and weaknesses and are distinct evidence from the child's trial testimony." **Id**.

In the case at bar, C.R. gave her written statement under informal circumstances in 2005, and she did not testify until 2013. While the same basic events were described in both the written statement and C.R.'s testimony, the written statement contained information that was different than or more specific than C.R.'s testimony.